United States District Court
Southern District of Texas
**ENTERED**
August 31, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MEMORIAL WOMEN'S CARE, PLLC, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-22-4097 |
| § | |
| MINA K. SINACORI, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

The plaintiff, Memorial Women's Care, PLLC, seeks a declaratory judgment against the defendant, Mina K. Sinacori. (Docket Entry No. 1). Sinacori had filed suit against Memorial Women's Care in Texas state court in October 2022, alleging state-law claims for trademark infringement, unfair competition, and injury to business reputation. Memorial Women's Care removed the state court action in November 2022 and filed this federal action on the same date. (Docket Entry No. 9 at 7–8). Memorial Women's Care seeks a declaratory judgment that its actions do not constitute trademark infringement, trademark dilution, or unfair competition, under state or federal law. (Docket Entry No. 1). Sinacori moved for dismissal of this action in December 2022 in favor of the earlier-filed removed action. (Docket Entry No. 9). Memorial Women's Care responded that the factors laid out in *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994), do not support this court's dismissal of the declaratory judgment suit, and Sinacori replied. (Docket Entry Nos. 10, 12). After the motions were fully briefed, Sinacori's first-filed case was remanded to state court for lack of subject-matter jurisdiction.

Based on a careful review of the motion, response, and reply; the parties' submissions; and the applicable law, this court declines to exercise jurisdiction and dismisses this declaratory judgment suit. The reasons are set out below.

I. **The Standard for Discretion Under the Declaratory Judgment Act**

The Declaratory Judgment Act "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." *Sherwin–Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 389 (5th Cir. 2003) (citations omitted). "The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Id.* "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.*

In *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891 (5th Cir. 2000), the Fifth Circuit set out three steps for courts to follow in deciding whether to dismiss a declaratory judgment action. "A federal district court must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin–Williams*, 343 F.3d at 387 (citing *Orix*, 212 F.3d at 895).

In *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994), the Fifth Circuit identified several nonexclusive factors that a federal court may consider when deciding whether to decide or dismiss a declaratory judgment action. The *Trejo* factors are: "(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, (3) whether the plaintiff engaged in forum shopping in bringing the suit, (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, (5) whether the federal

2

court is a convenient forum for the parties and witnesses, and (6) whether retaining the lawsuit would serve the purposes of judicial economy." *Id.* at 590–91; *see also Sherwin–Williams*, 343 F.3d at 388.

II. Analysis

 A. Justiciability

A declaratory judgment action is justiciable if "a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Venator Group Specialty, Inc. v. Matthew/Muniot Family, L.L.C.*, 322 F.3d 835, 838 (5th Cir. 2003). Memorial Women's Care and Sinacori dispute whether Memorial Women's Care engaged in trademark infringement, dilution, and unfair competition. The action is sufficiently immediate and real to be justiciable.

 B. Authority to Grant Relief

A district court does not have authority to consider the merits of a declaratory judgment when: "1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, 2) the state case involves the same issues as those involved in the federal case, and 3) the district court is prohibited from enjoining the state proceedings under the Anti–Injunction Act." *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993)).

The pending state-court action and the federal action involve the same issues. There is no basis for this court to enjoin the state-court action. Sinacori filed the pending state-court action before Memorial Women's Care filed the federal declaratory judgment action. Memorial Women's Care argues that the state-court action cannot include its requested declaratory judgment as to the Lanham Act, because that is a federal claim. (Docket Entry No. 10 at 3). But state courts have concurrent jurisdiction over Lanham Act cases. *See Expedi, Inc. v. Rebound*

3

*Int'l, LLC*, No. 4:20-CV-3897, 2021 WL 3702169 (S.D. Tex. May 13, 2021). This court would lack authority to decide this declaratory judgment action because the state-court action was filed before the federal case.

### C. *Trejo* Factors

The first *Trejo* factor, "whether there is a pending state action in which the matters in controversy may be litigated, requires the court to examine comity and efficiency." *Sherwin–Williams*, 343 F.3d at 391. "If there is a pending related state proceeding but it is not 'parallel' because it does not involve all the same parties or issues, the federal district court properly considers the extent of similarity between the pending state court and federal court cases in deciding which court should decide the dispute, rather than relying on a *per se* rule." *Id.* at 394 n.5. Memorial Women's Care attempted to consolidate the removed case and this declaratory judgment action, arguing that the cases were "mirror images of each other and involve identical law and facts." (Docket Entry No. 12-1 at 4). This factor weighs in favor of dismissing this action in favor of the pending state-court suit.

"The next three *Trejo* factors—whether the declaratory judgment plaintiff filed suit 'in anticipation' of a lawsuit to be filed by the declaratory judgment defendant; whether the declaratory judgment plaintiff engaged in 'forum shopping' in bringing the declaratory judgment action; and whether possible inequities exist in allowing the declaratory judgment plaintiff to gain precedence in time or to change forums—analyze whether the plaintiff is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds." *Sherwin–Williams*, 343 F.3d at 391. Memorial Women's Care attempted to remove the state court suit, which was remanded for lack of subject-matter jurisdiction. To decide this

declaratory judgment would be to give Memorial Women's Care a second chance at having these same claims heard in federal court, claims that can be fully litigated in state court.

"The next two *Trejo* factors—whether the federal court is a convenient forum for the parties and witnesses and whether retaining the lawsuit would serve judicial economy—primarily address efficiency considerations." *Sherwin–Williams*, 343 F.3d at 391. The state court case is located in Harris County, which is an equally convenient forum for parties and witnesses. The efficiency considerations are neutral.

Because the pending Texas state-court action allows the parties to resolve all the claims and issues arising from the trademark dispute, dismissal of this federal action is appropriate. This court declines to exercise its jurisdiction and dismisses this declaratory judgment action. Sinacori's motion to dismiss is denied as moot.

SIGNED on August 31, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge